**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE E. PADILLA VELEZ | * |
| Petitioner | * |
| v. | * Criminal No. 09-1620(SEC) |
| MARTIN J. ALMESTICA LOPEZ, et al | * |
| Respondent | * |

**OPINION AND ORDER**

Before the Court is Petitioner Alex Martinez-Rodriguez's request for a writ of *habeas corpus*. (Docket # 2), and co-respondents Antonio Sagardia de Jesus' ("the Government") motion to dismiss (Docket # 8), which is unopposed. After considering the parties' filings, and the applicable law, Petitioner's motion (Docket # 2) is hereby **DENIED,** and the Government's motion to dismiss is **GRANTED.**

**Factual Background**

Petitioner, Jose Padilla-Velez ("Padilla" or "Petitioner") was convicted in state court for first degree murder, and weapons charges. See Docket # 8 at 1. On July 6, 2009, Padilla filed a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On September 28, 2009, the Government filed the instant motion, alleging that this Court lacks jurisdiction because Padilla failed to exhaust the remedies available in the state courts, as required by § 2254 (b)(1)(a). Docket # 8. Specifically, the Government avers that he did not file a motion under Puerto Rico Criminal Procedure Rule 192.1, seeking to vacate, set aside, or correct the state court's judgment. Furthermore, Defendants contend that Petitioner did not seek *habeas corpus* relief in the state courts prior to the filing the instant case, and that he chose not to seek *certiorari* at the Puerto Rico Supreme Court. See Docket # 8 at 2. As a result, the Commonwealth has not passed judgment on Petitioner's allegations. Based on the foregoing, Defendants request the dismissal of the instant petition.

**Standard of Review**

In the present case, the Government seeks dismissal for lack of jurisdiction under FED. R. CIV. P. 12(b)(1) & 12(b)(6). However, this Court cannot grant the dismissal under FED. R. CIV. P. 12(b)(1). In Camacho v. Commonwealth of P.R., 343 F. Supp. 2d 63, 65 (D.P.R. 2004), this district held that when the resolution of a petition for *habeas corpus* "hinges upon the question of whether Plaintiff has exhausted state remedies prior to filing the petition, '[t]he exhaustion of state remedies in a federal *habeas corpus* proceeding is not jurisdictional; rather, it is a matter of federal-state comity.'" (citing Choice v. Pennsylvania Bd. of Parole, 448 F. Supp. 294, 296 (D.C. Pa., 1977) (emphasis added) (citing Preiser v. Rodriguez, 411 U.S. 475, 491 (1973)). However, as the court noted in Camacho, the petition may be analyzed under Rule 12(b)(6), which grants courts the discretion to dismiss a case for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). See also Ortiz v Del Valle Rodriguez, Civ. No. 08-1599, 2009 WL 1140227 (D.P.R. Apr. 27, 2009). Therefore, this Court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).

*Fed. R. Civ. P. 12(b)(6)*

In assessing whether dismissal for failure to state a claim is appropriate, the court must take "plaintiffs' well-pleaded facts as true and [indulge] all reasonable inferences therefrom to their behoof." Buck v. American Airlines, Inc., 476 F. 3d 29, 32 (1st Cir. 2007). "In conducting that tamisage, however, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Id. at 33; see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007). Complaints do not need detailed factual allegations. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). However, factual

allegations must be enough to raise a right to relief above the speculative level. Id. see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

**Applicable Law & Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court "may not disturb the state court's conclusion unless the 'adjudication of [the] claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Aspen v. Bissonnette, 480 F.3d 571, 573 (1st Cir. 2007)(citing 28 U.S.C. § 2254(d)(1)). An unreasonable application of federal law occurs when a state court "arrives at a conclusion opposite from that reached by the U.S. Supreme Court . . ." either on a question of law or materially indistinguishable facts, or if the state court properly identifies the correct legal principles but nevertheless, "(i) applies those principles to the facts of the case in an objectively unreasonable manner; (ii) unreasonably extends clearly established legal principles to a new context where they should not apply; or (iii) unreasonably refuses to extend established principles to a new context where they should apply." Sleeper v. Spencer, 510 F.3d 32, 37-38 (1st Cir. 2007).

A second ground available is if the state court's decision ". . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). While reviewing a case under 28 U.S.C. § 2254, a federal court must operate with a presumption that the state court's decision was correct, and "the habeas petitioner may defeat the presumption of correctness only with clear and convincing evidence to the contrary." Ouber v. Guarino, 293 F.3d 19, 27 (1st Cir. 2002); Sleeper, 510 F.3d at 38.

A petition for writ of *habeas corpus* may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, § 2254(b)(1)(A) provides that an application for a writ of *habeas corpus* under said section shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of § 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The Supreme Court has held that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973) (citations omitted). Accordingly, federal courts "will not entertain an application for *habeas* relief unless the petitioner first has fully exhausted his state remedy with respect to each and every claim contained in the application." Delgado v. Martinez, 72 F. Supp. 2d 2, 5 (D.P.R. 1999) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)). In Baldwin v. Reese, 541 U.S. 27, 32 (2004), the Court ruled that a claim cannot be exhausted if it is not presented directly to the **state's highest court**. See also Delgado, 72 F. Supp. 2d at 4. Moreover, a petitioner for federal *habeas* review must present claims to the state supreme court **irrespective of whether said court's review is discretionary**. O'Sullivan, 526 U.S. at 839. Based on the foregoing, a "*habeas* petitioner has to avail himself, not only of whatever appeals he was entitled to as a matter of right, but also as to any discretionary remedies available." Marin-Robles v. Del Valle, 2005 U.S. Dist. LEXIS 1800, *8-9 (D.P.R. 2005).

The Puerto Rico courts provide for appellate relief and state *habeas corpus* post conviction relief. P.R. Laws Ann. tit. 34, § 1741. Therefore, in order to be afforded federal *habeas corpus* relief, a Petitioner challenging a Puerto Rico court conviction must exhaust

either of these mechanisms. Rodriguez v. Warden, 791 F. Supp. 41, 42 (D.P.R. 1992) (finding that a federal *habeas* petitioner fails to exhaust all state court remedies when he fails to avail himself of state post-conviction court proceedings).

Furthermore, a prerequisite to state *habeas corpus* relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1. P.R. Laws Ann. tit. 34, § 1741(c); Rodriguez v. Warden, 791 F.Supp. 41, 42 (D.P.R. 1992). As such, the prisoner must first seek post-conviction collateral relief under Rule 192.1, which provides that "any person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . . the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United States, . . . may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment." See Ortiz, 2009 WL 1140227. Thereafter, the order entered by the Court of First Instance is appealable to the appeals court, and subsequently to the Puerto Rico Supreme Court. After said remedy has been exhausted, the prisoner must then seek *habeas* relief in the state courts, prior to filing a petition for federal *habeas* relief.

In support of its request for dismissal, the Government claims that Padilla has taken no action to collaterally attack his conviction at the state level, specifically, that he has not filed a Rule 192.1 motion before the trial court. Counsel further note that he has not filed a state *habeas corpus*, nor has he filed for relief before the Puerto Rico Supreme Court.

The Commonwealth proffers the following arguments in favor of dismissal:

> Petitioner's request must be dismissed because from the face of his petition it is clear that he has failed to comply with the requirement to exhaust state remedies. Petitioner did not file a Motion before the trial court requesting to set aside or vacate the judgment, pursuant to Rule 192.1 of the Puerto Rico Rules of Criminal Procedure. Furthermore, petitioner did not filed a state habeas corpus before filling the instant federal habeas corpus. Thus, given that petitioner did not exhaust the state remedies, the instant petition should be dismissed with prejudice.

Docket # 8.

According to the Government, Padilla filed an appeal of the Judgment in the Commonwealth's Court of Appeals, but failed to present an appeal or petition for *certiorari* to the Puerto Rico Supreme Court. See Docket # 8. Plaintiff has not alleged otherwise, and his initial filing corroborates said assertion. See Docket # 2 at 8. In fact, Padilla admits that he chose to forgo a remedy at the local level merely because he conjectured this forum would grant him a speedier remedy. Id.

Accordingly, after reviewing the record, Padilla has not shown that he filed a Rule 192.1 motion nor a state *habeas corpus* petition, nor has he appealed to the Puerto Rico Supreme Court. Therefore, he has not exhausted all state remedies, depriving this Court of jurisdiction over the present case. Moreover, Padilla has not opposed the Government's motion to dismiss nor shown any reason for exempting him from the exhaustion requirement.[1] As such, this Court must dismiss his *habeas corpus* petition for failure to exhaust state court remedies.

Notwithstanding, the dismissal of Padilla's *habeas corpus* petition is without prejudice because the exhaustion of state remedies requirement "does not usually foreclose, but only postpones federal relief." Camacho v. Commonwealth of P.R., 343 F. Supp. 2d at 65. As a result, the instant petition for writ *of habeas corpus* is **DISMISSED without prejudice.** Judgment shall be entered accordingly.

> **SO ORDERED.**
>
> In San Juan, Puerto Rico, this 17th day of November, 2009.
>
> S/ *Salvador E. Casellas*
> SALVADOR E. CASELLAS

---

[1] The petitioner can show that the exhaustion requirement is satisfied because "there is no longer a state remedy available due to petitioner's procedural default," or when he shows "it would be futile to conduct further collateral proceedings to review his conviction in state court." Mercado Negron v. Torres-Suarez, 1999 U.S. Dist. LEXIS 7194, *9-10 (D.P.R. 1999)(citing Byrnes v. Vose, 969 F.2d 1306 (1st Cir. 1992)). However, herein Padilla has not shown that either of the above mentioned circumstances is present.

**Civil No. 06-1690(SEC)**

_____

                                        United States District Judge